IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY CRIPPEN, | § | |
| | § | |
| Defendant Below, | § | No. 68, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. K17M-08-008 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 28, 2019
Decided: April 2, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause, the appellant's response, and the State's response, it appears to the Court that:

(1) On February 18, 2019, the appellant, Jeffrey Crippen, filed a notice of appeal from a Superior Court order dated December 28, 2018, denying his application for return of property under 16 *Del. C.* § 4784 and Superior Court Civil Rule 71.3. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before January 28, 2019.

(2) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3) On February 18, 2019, the Senior Court Clerk issued a notice directing Crippen to show cause why this appeal should not be dismissed as untimely filed. In response to the notice to show cause, Crippen states that he mailed the notice of appeal in time for it to be received by the deadline for filing his appeal, but because he used an incorrect mailing address, the mail was returned to him as undeliverable after the deadline had passed. Crippen's statements are consistent with the envelopes in which he mailed his notice of appeal and with the mail log of the James T. Vaughn Correctional Center ("JTVCC"), where Crippen is incarcerated.

(4) Although Crippen does not explicitly state that prison personnel provided him with the incorrect mailing address, he cites *Phillips v. State*,[3] in which the prison law library provided the appellant with an inaccurate mailing address, resulting in an untimely appeal. In *Phillips*, the Court, with the State's agreement, remanded the case for the Superior Court to vacate and reissue its order so that the appellant would have an opportunity to file a timely notice of appeal.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] 2018 WL 3524659 (July 20, 2018).

2

(5)     In this case, the Court directed the State to respond to Crippen's reliance on *Phillips* and to file a copy of the address list that the JTVCC law library provides to prisoners for the filing of appeals.  The State included with its response an affidavit from a member of the law library staff, which indicates that since June 2018, the JTVCC law library has not maintained a court address list for inmate use, but rather provides inmates with addresses from the applicable court's website.  The affidavit further indicates that the address that the JTVCC provides for the Delaware Supreme Court is 55 The Green, Dover, DE 19901, which is this Court's correct mailing address.

(6)     Crippen's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[4]  Prison personnel are not court-related personnel.[5]  Nor has Delaware adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal as filed at the time it is delivered to prison authorities for mailing.[6]  Because the record does not reflect that Crippen's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

---

[4] DEL. SUPR. CT. R. 10(a).

[5] *Phillips*, 2018 WL 3524659, at *1.

[6] *Schafferman v. State*, 2016 WL 5929953 (Del. Oct. 11, 2016).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice